[Civ. No. 8899. First Appellate District, Division Two.—April 11, 1933.]

E. MULLER, Respondent, v. JOHN J. DAVI & BRO. (a Copartnership) et al., Defendants; FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

Butler, Van Dyke, Desmond & Harris and Thomas E. Davis for Appellant.

H. Nelson French and Chauncey H. Dunn for Respondent.

NOURSE, P. J.—Plaintiff sued as assignee for collection of one E. Varanini to recover moneys misappropriated by John J. Davi & Brother, real estate brokers. The Fidelity and Deposit Company of Maryland was sued upon its bond given the real estate brokers as surety under the Real Estate Brokers' Act of July 27, 1919, as amended (Deering's Gen. Laws, Act 112). Plaintiff had judgment and the surety company alone has appealed upon typewritten transcripts.

The facts are without material conflict. Plaintiff's assignor, through the agency of the real estate brokers, sold certain property to Palestini for the total price of $16,125; $4,000 was paid at the time of the execution of the contract. The brokers received a commission of $500 and agreed that they would collect the entire balance for the benefit of plaintiff's assignor. Payments were made from Palestini to the brokers in accordance with this agreement until the balance of the purchase price had been reduced to $9,000. The purchasers then obtained the sum of $7,500 from a first mortgage on the property which was paid to plaintiff's assignor together with a note for $1500 secured by a second mortgage on the property. This note was expressly made payable at the office of the real estate brokers. Pursuant to this agreement they collected payments of $1300 upon this note which they appropriated to their own use. The basis of the action

is the money thus received and retained by the brokers and the surety is held under the provisions of section 9a of the statute which requires a bond conditioned "for the honest and faithful performance by such broker . . . of any undertaking . . . and the honest and faithful application of all funds received".

The appellant directs its entire attack upon the sufficiency of the evidence to sustain the finding that the brokers were the agents of plaintiff's assignor for the collection of the note and the finding that such agency was one, the faithful performance of which was assured under the bond. As to the first point the oral testimony, the express terms of the note, and the actions of the parties all demonstrate that the brokers were employed to act as agents of plaintiff's assignor for the purpose of collecting the proceeds of the note and that all money collected by them was collected in accordance with the terms of this agency.

When moneys are collected under such an agency and misappropriated by the real estate brokers, the principal may recover on the bond given under the terms of the statute. We so held in *Nittler* v. *Continental Casualty Co.*, 94 Cal. App. 498, 505 [271 Pac. 555, 559, 272 Pac. 309], where we said: "It cannot be doubted that when a licensed broker has obtained the proceeds of a sale of property belonging to his principal and refuses to turn over such proceeds to his principal he has failed to perform the duty incumbent upon him as such broker or agent irrespective of any provisions of the act requiring him to do so." This language was quoted with approval in *Clark* v. *Patterson*, 213 Cal. 4, 9 [300 Pac. 967, 75 A. L. R. 1124], a case where the broker failed to turn over to his principal moneys received under a sales contract which was not completed. In holding that the surety was liable for such misappropriation, whether the contract was complete or not, the Supreme Court said (page 10): "In each case the duty is one which he has incurred *while acting as a real estate broker*, and for his failure to perform such duty his surety is liable to the person damaged."

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.